# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE CROCKER, | § | |
| Plaintiff, | § § § | |
| vs. | § | C.A. NO. C-05-294 |
| CITY OF KINGSVILLE, et al, | § § § | |
| Defendants. | § § | |

## ORDER FOR MORE DEFINITE STATEMENT AND
## ORDER LIMITING DISCOVERY

On this day came on to be considered Defendants' Motion to Dismiss or, alternatively, Motion for Rule 7 Reply and Motion to Stay Discovery. In this Motion, Defendants' contend that Plaintiff's complaint fails to state specific facts demonstrating why the individual Defendants are not entitled to qualified immunity as required by <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995)(en banc). On June 10, 2005, Plaintiff sued Defendants under 42 U.S.C. § 1983 claiming that the Defendants had deprived him of his constitutional rights by procuring an indictment against him in retaliation for engaging in protected speech. With respect to the individual Defendants' involvement in procuring the indictment, Plaintiff claims:

> that said indictment was manufactured by named Defendants in retaliation for his opposition to their candidacy. Named Defendants have conspired to have Plaintiff indicted in an effort to ruin his reputation in the community and in an effort to end any opposition to their continued stay in office.

(Pl.'s Complaint at 3-4.) Plaintiff alleges no additional facts

demonstrating *how* the individual Defendants managed to convince prosecutorial authorities to indict Plaintiff.

In Schultea, the Fifth Circuit specifically addressed the pleading requirements in 42 U.S.C. § 1983 suits against public officials. In particular, the Schultea court held that:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may . . . require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. . . . Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.

Id. at 1433-34; Morin v. Caire, 77 F.3d 116, 121-2 (5th Cir. 1996) (stating that the trial court generally must insist that the plaintiff file a reply tailored to an answer pleading the defense of qualified immunity). This so-called Schultea reply must "allege[] with particularity all material facts on which [plaintiff] contends [he] will establish [his] right to recovery . . . includ[ing] detailed facts supporting the contention that the plea of immunity cannot be sustained." Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997)(quoting Elliott v. Perez, 751 F.2d 1472, 1482 (5th Cir. 1985); see also Schultea, 47 F.3d at 1434 (embracing "the practical core" of Elliott). Generally, this will mean that the plaintiff must allege facts reflecting the defendant's participation in the alleged wrong, specifying the personal involvement of each defendant. Murphy v. Kellar, 950 F.2d

290, 292 & n.7 (5th Cir. 1992). Once a plaintiff complies with this pleading requirement, the district court "may limit any necessary discovery to the defense of qualified immunity." Schultea, 47 F.3d at 1434; see also Wick v. Miss. State Emp't Servs., 41 F.3d 991, 994-5 (5th Cir. 1995) (permitting limited discovery in order to determine validity of an immunity claim).

In this case, the Court finds that Plaintiff's complaint does not sufficiently allege exactly what actions the individual Defendants' took to procure an indictment against him. The mere allegation that Defendants "conspired" to "manufacture" the indictment against him is not sufficient. For this reason, Defendants' Motion for a Rule 7 Reply is hereby GRANTED and Plaintiff is hereby ORDERED to submit a more definite statement of his claims by October 7, 2005. It is also hereby ORDERED that, with respect to the individual Defendants, discovery shall be limited to the issue of qualified immunity for a period of sixty (60) days from the date of this Order. During this period, general discovery may continue with respect to the city Defendant.

SIGNED and ENTERED this 30th day of September, 2005.

_____
Janis Graham Jack
United States District Judge