```
IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF TEXAS
         CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| GEORGE CROCKER, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | C.A. NO. C-05-294 |
| § | |
| CITY OF KINGSVILLE, et al, § | |
| § | |
| Defendants. § | |

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

On this day came on to be considered Defendants' Motion to Dismiss (D.E. 24). For the reasons discussed below, Defendants' Motion is DENIED.

### I.   JURISDICTION

The Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### II.  BACKGROUND

On June 10, 2005, Plaintiff George Crocker ("Plaintiff") filed suit in this Court against the City of Kingsville and former city and county officials Filemon Esquivel, Horacio Castillo, and Arturo Pecos (collectively the "individual Defendants"). On September 30, 2005, this Court ordered Plaintiff to make a more definite statement of his claims pursuant to Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc). On October 13, 2005, Plaintiff responded by filing his Second Amended Complaint.

**A.     Factual Allegations**

The following facts are alleged in Plaintiff's Complaint:

Plaintiff was formerly employed as Sergeant of the Kingsville Police Department.  (Second Am. Compl. ("SAC") at 3.)  During his tenure with the Police Department, Plaintiff became involved in local politics and joined a group known as the Citizens for the Betterment of Kingsville (the "Group").  (SAC at 3.)  As part of his involvement with the Group, Plaintiff advocated for the removal of the individual Defendants from office.  (SAC at 3.)  Plaintiff, and other members of the Group, were dissatisfied with the individual Defendants' performance in office and were particularly upset over the firing of City Manager Hector Hinojosa.  (SAC at 3.)  The Group, therefore, circulated a petition to recall the individual Defendants from office.  (SAC at 3.)  Plaintiff assisted in the circulation of the petition by answering questions about the recall at a Law Enforcement Association meeting.  (SAC at 3.)

Plaintiff claims that, when the individual Defendants learned of the recall petition, they began to retaliate against the individuals responsible.  In particular, Plaintiff alleged that:

> Esquivel (with Castillo's and Pecos' full approval) made statements on the record during a commission meeting that indictments were going to be brought against members of the Group.  In an effort to follow up on the promise to produce indictments, Esquivel, Castillo, and Pecos met with the acting City Manager, John Garcia. . . . At this meeting they instructed Garcia to terminate Plaintiff's employment and other members of the Group.
>     Coincidentally, on or about June 13, 2003, Plaintiff was indicted by a grand jury for an alleged violation of

-2-

>    the Texas Election Code.  Upon information and belief, Plaintiff believes that said indictment was manufactured by Esquivel, Castillo, and Pecos in retaliation for his opposition to their candidacy.  Esquivel, Castillo, and Pecos conspired to have Plaintiff indicted in an effort to ruin his reputation in the community and in an effort to end any opposition to their continued stay in office. As further proof of this conspiracy, Esquivel, Castillo, and Pecos immediately made recommendations to the commission that Plaintiff's employment should be immediately terminated based on the false indictment they had manufactured.

(SAC at 4.)  On October 27, 2003, a jury acquitted Plaintiff of all charges against him.  (SAC at 5.)

### B. **Motion to Dismiss**

On December 1, 2005, Defendants filed a Motion to Dismiss.  In this motion, individual Defendants argued that "Plaintiff's Second Amended Complaint does not satisfy the heightened pleading requirements imposed upon complainants who sue public officials in their individual capacity."  (Mot. to Dis. ("MTD") at 3.)  The individual Defendants, therefore, asked the Court to either: (1) dismiss the claims against them; or (2) order Plaintiff to amend his complaint to give a more definite statement of his claims. (MTD at 4.)  Plaintiff filed a response to Defendants' motion on December 15, 2005, and the Court took this matter under advisement.

### III. DISCUSSION

Motions to dismiss are viewed with disfavor and are rarely granted.  <u>Test Masters Educational Services, Inc. v. Singh</u>, 428 F.3d 559, 570 (5th Cir. 2005).  In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the

plaintiff, and all facts pleaded in the complaint must be taken as true."  Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).  Dismissal is proper only where, viewing the facts in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [his] claim which would entitle [him] to relief."  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995); see also Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003).

With respect to claims subject to a qualified immunity defense, however, the Fifth Circuit requires a heightened standard of pleading.  In order to state a cause of action under this heightened pleading requirement, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."  Anderson v. Pasadena Independent School Dist., 184 F.3d 439, 443 (5th Cir. 1999); Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).  The plaintiff cannot rely on solely on conclusory allegations. Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir. 1996).  Rather, the plaintiff must "allege specific conduct giving rise to a constitutional violation." Anderson, 184 F.3d at 1434; see also Jackson, 99 F.3d at 716 (stating that constitutional violations must be pled with "factual detail and particularity").  In other words, a plaintiff must "allege[] with particularity all material facts on which [he]

contends [he] will establish [his] right to recovery . . . includ[ing] detailed facts supporting the contention that the plea of immunity cannot be sustained."  Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997).  This does not prevent a plaintiff, however, from relying on circumstantial evidence in support of his claim.  See Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997)(citing Siegert v. Gilley, 500 U.S. 226, 236 (1991)).

In this case, the Court finds that Plaintiff has met the heightened pleading requirements of Schultea by alleging detailed facts supporting the contention that the defense of qualified immunity cannot be sustained.  In particular, Plaintiff has alleged that he campaigned against the Individual Defendants and advocated for their removal from office.  Plaintiff also alleged that he assisted in the circulation of recall petition.  These facts, if true, support Plaintiff's claim that he had a clearly established constitutional right: the right to speak on a matter of public concern.  See, e.g., Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 377 (5th Cir. 2000)(stating that a public employee "has a clearly established right to speak on matters of public concern"); Kinsey v. Salado Independent School Dist., 950 F.2d 988, 995 (5th Cir. 1992))(noting that speech related to the performance of elected officials is of "great public concern"); Coughlin v. Lee, 946 F.2d 1152, 1157 (5th Cir. 1991)(stating that speech relevant to the public's evaluation of the performance of

the government is a matter of public concern); <u>Matherne v. Wilson</u>, 851 F.2d 752, 761 (5th Cir. 1988) (stating that a "person's choice of candidate in a political election is a matter of public concern").

Furthermore, Plaintiff has alleged that Defendants responded to his constitutionally-protected speech by: (1) accessing Plaintiff's medical records without his consent; (2) causing Plaintiff to be indicted[1]; and (3) instructing the City Manager to terminate Plaintiff's employment. These retaliatory actions, if true, would be objectively unreasonable in light of clearly established law. <u>See</u>, <u>e.g.</u>, <u>Anderson v. Pasadena Independent School Dist.</u>, 184 F.3d 439, 444 (5th Cir. 1999)(stating that "[i]t is well established that [a municipality] may not discharge, discipline, or otherwise retaliate against a public employee for exercising his First Amendment right to free speech"); <u>Matherne v. Wilson</u>, 851 F.2d 752, 761 (5th Cir. 1988)(finding that the

---

[1] Defendants complain that the Complaint "still contends in a conclusory and general way that the [individual Defendants] are somehow factually and proximately responsible for the criminal indictment against him." (MTD at 2.) Although the Complaint does not specified exactly how the individual Defendants procured the indictment, Plaintiff is entitled to rely on circumstantial evidence. <u>Warnock v. Pecos County</u>, 116 F.3d 776, 779 (5th Cir. 1997). Plaintiff has alleged that Defendants: (1) created a "hit list" including Plaintiff; (2) announced at a meeting that Plaintiff was going to be indicted; (3) met with city manager John Garcia to procure the promised indictments; and (4) immediately sought Plaintiff's termination on the basis of the indictment. (SAC at 3-4.) This circumstantial evidence regarding the individual Defendants' involvement in obtaining the indictment is enough to satisfy <u>Schultea</u>.

government's interest in efficiency did not outweigh a peace officer's right to oppose a candidate for re-election).

Therefore, Plaintiff has alleged with particularity all the facts needed to overcome a defense of qualified immunity: an objectively unreasonable violation of a clearly established right. Flores v. City of Palacios, 381 F.3d 391, 395 (5th Cir. 2004). Such allegations are likewise sufficient to satisfy the heightened pleading requirement of Schultea.

**IV.  CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss is therefore DENIED.

SIGNED and ENTERED this 23rd day of January, 2006.

_____
Janis Graham Jack
United States District Judge