```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION

GEORGE CROCKER,                 §
                                §
     Plaintiff,                 §
                                §
vs.                             §    C.A. NO. C-05-294
                                §
CITY OF KINGSVILLE, et al,      §
                                §
     Defendants.                §
```

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On this day came on to be considered Defendants' Motion for Summary Judgment (D.E. 29). For the reasons discussed below, Defendants' Motion is GRANTED.

### I. JURISDICTION

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

### II. BACKGROUND

On June 10, 2005, Plaintiff George Crocker ("Plaintiff") filed suit against the City of Kingsville ("the City") and individual Defendants Phil Esquivel, Horacio Castillo, and Arturo Pecos (the "Individual Defendants"), alleging that Defendants conspired to have him indicted and violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. (Pl.'s Am. Compl. ("PAC") at ¶¶ 13, 16-21.) Plaintiff also asserted a claim under Texas state law for malicious prosecution. (PAC at ¶¶ 29-30.) On May 11, 2006, Defendants filed a Motion for

Summary Judgment. (D.E. 29.)  On  June 9, 2006, Plaintiff filed a response. (D.E. 32.)  On June 20, 2006, Defendants filed a reply. (D.E. 33.)

### III. <u>SUMMARY JUDGMENT EVIDENCE</u>

The following facts are not in dispute:

At all times relevant to this lawsuit, Plaintiff was a police officer with the City of Kingsville Police Department and a member of the Kingsville Law Enforcement Association ("KLEA"), a labor union. (Pl.'s Ex. ("PE") E at 11-15, 41-43.)  Defendant Phil Esquivel ("Esquivel") was the Mayor of the City of Kingsville. (<u>See</u> PE H.)  Defendants Horacio Castillo ("Castillo") and Arturo Pecos ("Pecos") were Kingsville City Commissioners.  (<u>Id.</u>)

In early 2003, a group called the Citizens for the Betterment of Kingsville organized to advocate for the recall of Esquivel, Castillo, and Pecos from political office and began circulating a recall petition. (PE B at 111-12, E at 18-19.)  Plaintiff assisted in collecting signatures for the petition.  (PE E at 18-19, 39-40.)

In March 2003, Kingsville's Assistant City Manager, John Garcia, met with the Nueces County Attorney's Office for legal advice concerning whether KLEA was improperly involved in supporting the recall petition. (PE B at 141-72; PE I.)  On June 13, 2003, a Texas grand jury indicted Plaintiff for allegedly making an illegal campaign contribution on behalf of KLEA in violation of the Texas Election Code, § 253.094(b).  (Defs.' Ex. ("DE") A.)  In particular, the indictment alleged that Plaintiff had on March 13 and 31, 2003:

-2-

>     knowingly and intentionally [made] . . . a campaign
>     contribution to the Citizens for the Betterment of
>     Kingsville, a political committee, in connection with a
>     recall petition, said campaign contribution being
>     services provided to assist in the circulation and
>     submission of a petition to call the recall election.

(DE A.)

During his criminal trial, Plaintiff filed a "Motion to Quash Indictment," a "Motion to Set Aside Indictment," a "Supplemental Motion to Set Aside Indictment," and a "Motion for Instructed Verdict," all of which were denied by the trial court judge. (See DE B; PE E at 146.) A jury trial was held between October 20, 2003 and October 27, 2003. On October 27, 2003, a jury acquitted Plaintiff of the charges against him. (PE E at 148.)

## IV. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). If the nonmovant bears the burden of proof on a claim, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994) (stating that nonmoving party must "produce affirmative and specific facts" demonstrating a genuine issue). The nonmovant's burden is not satisfied by conclusory allegations, unsubstantiated assertions, or some metaphysical doubt as to the material facts. Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment"). Similarly, the "mere existence of a scintilla of evidence in support of the

[nonmovant's] position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for [that party]." Doe on Behalf of Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 215 (5th Cir. 1998) (internal quotes omitted).

When the parties have submitted evidence of conflicting facts, however, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis, 61 F.3d at 315. Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party. See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000). "That the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues." Byrd v. Roadway Exp., Inc., 687 F.2d 85, 87 (5th Cir. 1982); Aubrey v. Sch. Bd. of Lafayette, 92 F.3d 316, 318 (5th Cir. 1996). If, however, the nonmovant's "evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50.

**B.   Qualified Immunity**

The Individual Defendants may be shielded from liability for civil damages if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." See, e.g., Hope v. Pelzer, 536 U.S. 730, 739 (2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified

immunity operates to ensure that before officials are subjected to suit, they are on notice that their conduct is unlawful. See Saucier v. Katz, 533 U.S. 194, 206 (2001). The qualified immunity determination involves a two-step analysis. Flores v. City of Palacios, 381 F.3d 391, 395 (5th Cir. 2004). First, a court must determine whether a "constitutional right would have been violated on the facts alleged." Id. (citing Saucier v. Katz, 533 U.S. 194, 200 (2001)). Second, the court must determine whether "the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (citing Hope, 536 U.S. at 739). If, viewing the evidence in the light most favorable to the plaintiff, "reasonable public officials could differ on the lawfulness of the defendant's actions, then that defendant is entitled to qualified immunity." Haggerty v. Texas S. Univ., 391 F.3d 653, 655 (5th Cir. 2004); see also Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 550 (5th Cir. 1997).

Unlike the Individual Defendants, however, the City is not entitled to immunity from Plaintiff's constitutional claims and cannot assert the immunity of its officers as a defense. Fields v. City of South Houston, 922 F.2d 1183, 1191 (5th Cir. 1991); Owen v. City of Independence, 445 U.S. 622, 638 (1980).

**C. Analysis of Plaintiff's claims under qualified immunity test: Step 1: Violation of a constitutional right.**

    **1. Malicious Prosecution**

Plaintiff claims that Defendants violated his constitutional

rights by maliciously prosecuting him without probable cause. (PAC at ¶ 28.)  This claim cannot succeed, however, because "causing charges to be filed without probable cause will not without more violate the Constitution." Castellano v. Fragozo, 352 F.3d 939, 953 (5th Cir. 2003).  The Fifth Circuit has held that there is no "freestanding constitutional right to be free from malicious prosecution" and "the assertion of malicious prosecution states no constitutional claim." Id. at 945, 953; see also Shields v. Twiss, 389 F.3d 142, 150 (5th Cir. 2004) (stating that "[t]o the extent that [a plaintiff] complains of the fact that charges were filed against him, he has not stated a cognizable federal claim").  As such, Plaintiff fails to state a constitutional violation and the Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's federal malicious prosecution claim.

    **2.   First Amendment Retaliation.**

Plaintiff next claims that "his indictment was manufactured by the named Defendants, in direct retaliation for his political activities and involvement in the recall efforts [against] the named Defendants." (Pl.'s Resp. at 9.)

The Fifth Circuit has held that "the First Amendment prohibits not only direct limitations on speech but also adverse government action against an individual because of [his] exercise of First Amendment freedoms." Colson v. Grohman, 174 F.3d 498, 508 (5th Cir. 1999). "Subjecting [the plaintiff] to criminal investigation

and prosecution with the substantial motivation of dissuading him" from exercising his free speech rights violates the First Amendment. Izen v. Catalina, 398 F.3d 363, 367-68 (5th Cir. 2005); Hartman v. Moore, — U.S. —, 126 S.Ct. 1695, 1701 (2006) ("the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out"); Keenan v. Tejeda, 290 F.3d 252, 259 (5th Cir. 2002) (charging the plaintiff with "deadly conduct, a misdemeanor under Texas law, under suspicious circumstances" was "sufficiently intimidating to chill the speech of a person of ordinary firmness").

To establish a retaliation claim in the context of a criminal prosecution, a plaintiff must show that he (1) engaged in a constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury "that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) the defendants' adverse actions were substantially motivated against the plaintiff's exercise of the constitutionally protected conduct. Izen, 398 F.3d at 367-68; see also Keenan, 290 F.3d at 259 (citing Carroll v. Pfeffer, 262 F.3d 847, 850 (8th Cir. 2001)). Where a First Amendment claim is based on an allegedly-retaliatory prosecution, the plaintiff must also "establish each of the common law malicious prosecution elements in addition to those three derived from the First Amendment." Izen, 398 F.3d at 367-68; Johnson v. La. Dep't of Agric., 18 F.3d 318, 320 (5th Cir. 1994).

That is, a plaintiff must prove, that there was an "absence of probable cause to prosecute" him.  Izen, 398 F.3d at 367-68; Hartman, 126 S.Ct. at 1699; Keenan, 290 F.3d at 260; Mozzochi v. Borden, 959 F.2d 1174, 1180 (2d Cir. 1992) (stating that "[a]n individual does not have a right under the First Amendment to be free from a criminal prosecution supported by probable cause that is in reality an unsuccessful attempt to deter or silence criticism of the government").  "[P]robable cause means the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted."  Izen, 398 F.3d at 368 (quoting Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)).

In this case, Plaintiff's First Amendment retaliation claim against the Defendants cannot succeed because it is undisputed that his criminal indictment was issued by a neutral and independent grand jury.[1]  The Supreme Court has held that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."  Ex parte United

---

[1] To the extent Plaintiff bases his retaliation claim, not on his criminal indictment, but on the fact that he was the victim of criticism, investigations, false accusations, or other similar conduct by the Defendants, he has failed to state a cognizable claim. See, e.g., Colson v. Grohman, 174 F.3d 498, 512 (5th Cir. 1999) (stating that such harms, "while they may chill speech, are not actionable under our First Amendment retaliation jurisprudence").

States, 287 U.S. 241, 250 (1932); see also Costello v. United States, 350 U.S. 359, 363 (1956) (stating that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits"); Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002) (finding that "because Plaintiff was indicted pursuant to a determination made by the grand jury, he has no basis for his constitutional claim" that he was indicted without probable cause).  Therefore, Plaintiff cannot prove that he was prosecuted without probable cause.

Moreover, the existence of the grand jury indictment negates another essential element of Plaintiff's retaliation case, namely, causation between the Defendants' actions and the resulting indictment.  As the Fifth Circuit has noted:

> an officer who acted with malice in procuring the warrant or the indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party.

Taylor v. Gregg, 36 F.3d 453, 457 (5th Cir. 1994) (quoting Hand v. Gary, 838 F.2d 1420, 1427 (5th Cir. 1988)); see also Murray v. Earle, 405 F.3d 278, 292 (5th Cir. 2005) (the "intervening decision of an informed, neutral decision-maker breaks the chain of causation"); Shields v. Twiss, 389 F.3d 142, 150 (5th Cir. 2004) (where the facts "are placed before an independent intermediary such as a grand jury, the intermediary's decision breaks the chain

of causation for these constitutional violations"). The "rationale underpinning the rule is apparent, with the focus being upon the independent decision making process of a court to impartially and objectively evaluate the underlying facts and then to reach its own decision." Morris v. Dearborne, 181 F.3d 657, 673 (5th Cir. 1999). A plaintiff can maintain his claim in the face of a grand jury indictment only if he "affirmatively shows that the deliberations of that intermediary were in some way tainted by the actions of the defendants." Shields, 389 F.3d at 150.

Here, Plaintiff fails to offer any evidence that the grand jury deliberations were tainted by the actions of the Defendants. In fact, when asked at his deposition whether he knew if any of the Defendants testified in front of the grand jury, Plaintiff responded, "I don't know." (PE E at 95.) Defendant Castillo stated at his deposition that he never testified in front of the grand jury and did not know that the grand jury was investigating Plaintiff until the indictment was announced publicly. (PE A at 63.) Similarly, Defendant Esquivel did not recall testifying in front of the grand jury and testified that he was never interviewed by law enforcement in connection with the investigation of Plaintiff. (PE C at 74-75.)

Plaintiff argues that "the named Defendants used interim Assistant City Manager Garcia as their pawn . . . [to] carry out their plans to rid themselves of any opposition." (Pl.'s Resp. at 5.) Plaintiff offers no evidence to support this theory. See,

-11-

e.g., Marts v. Hines, 68 F.3d 134, 136 (5th Cir. 1995) (a plaintiff's "mere conclusory allegations of conspiracy" are not sufficient to establish the existence of a conspiracy against him). Rather, the undisputed evidence shows that Mr. Garcia's participation in the criminal investigation and prosecution of Plaintiff were entirely of his own volition and not at the behest or direction of the Defendants. (See PE B at 126-27, 129, 139, 153.) Therefore, Plaintiff cannot show that Defendants "caused" his indictment or otherwise tainted the grand jury proceedings. Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's First Amendment retaliation claim is GRANTED.

   **3.   Other Constitutional Claims.**

Plaintiff claims that Defendants denied him his procedural and substantive due process rights in violation of the Fourteenth Amendment. (PAC at ¶¶ 17, 20-21.) Plaintiff, however, did not address any of these claims in his response to Defendants' Motion for Summary Judgment.

It is well-settled that Federal Rule of Civil Procedure 56 "does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994); see also Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988) (rejecting the contention that "the entire record in the case must be searched and found bereft of a genuine

issue of material fact before summary judgment may be properly entered" and instead requiring the nonmoving party to "go beyond the pleadings and . . . *designate* specific facts showing that there is a genuine issue for trial"). Thus, even a pleaded theory of recovery will be waived "[if] it [i]s not raised in opposition to a motion for summary judgment." Savers Fed. Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989); Mason v. Ashland Exploration, Inc., 965 F.2d 1421, 1425 (7th Cir. 1992) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered"); Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995) ("Even an issue raised in the complaint but ignored at summary judgment may be deemed waived . . . [i]f a party fails to assert a legal reason why summary judgment should not be granted"). Because Plaintiff has failed to discuss his other constitutional claims in his response to the Defendants' Motion for Summary Judgment, those claims are waived.

Even had Plaintiff preserved these claims, however, summary judgment would still be appropriate. Plaintiff's Fourth Amendment claim, for example, fails for the same reason as Plaintiff's First Amendment claim. "The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause." Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001). The

requirement of probable cause "may be satisfied by an indictment returned by a grand jury."  Kalina v. Fletcher, 522 U.S. 118, 129 (1997); see also Giordenello v. United States, 357 U.S. 480, 487 (1958) (a "warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged").  Because Plaintiff's arrest was pursuant to his indictment, his Fourth Amendment claim fails as a matter of law.

Similarly, Plaintiff's due process claims fail because there is no indication in the record that Plaintiff was denied his right to due process.  To the extent that Plaintiff's claims are based on the damage to his reputation, his claims fail because his "interest in reputation alone does not implicate a liberty or property interest sufficient to invoke due process protection."  Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994); Paul v. Davis, 424 U.S. 693, 710-11 (1976); Thomas v. Kippermann, 846 F.2d 1009, 1010 (5th Cir. 1988).  Likewise, to the extent his claims are based on his indictment and trial, the undisputed evidence shows that he received adequate process.  He was represented by counsel at his criminal trial, filed motions with the trial court, obtained a change of venue, called witnesses on his behalf, and he was acquitted of the charges against him.  (See PE E at 95-96, 141-43, 145-50; DE B.)  There is no evidence in the record that Defendants interfered with Plaintiff's Fourth Amendment or due process rights.

Therefore, Defendants' Motion for Summary Judgment on those claims is GRANTED.

### 2.   Step 2: Clearly Established Right

Because Plaintiff has failed to establish that Defendants violated his constitutional rights, the Court need not address the second step of the qualified immunity analysis. <u>Roe v. Texas Dept. of Protective & Regulatory Servs.</u>, 299 F.3d 395, 401 (5th Cir. 2002) ("only if" a court decides that the defendants engaged in "constitutionally impermissible conduct . . . [should it] proceed to the next step, which is to determine whether defendant's actions violated clearly established statutory or constitutional rights").

### D.   State Law Malicious Prosecution Claim

Plaintiff has sued Defendants under Texas state law for malicious prosecution.

"Actions for malicious prosecution are disfavored [under Texas] law, because of their inherent tendency to stultify the reporting of crimes." <u>Smith v. Sneed</u>, 938 S.W.2d 181, 183 (Tex. App.--Austin 1997).  In order to establish a malicious prosecution claim under Texas law, a plaintiff must show:(1) commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the

plaintiff.  Brown v. Nationsbank Corp., 188 F.3d 579, 586 (5th Cir. 1999) (citing Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997)).

Plaintiff offers no evidence to support his allegation that the Defendants maliciously procured the indictment against him.  In order to prove that a defendant "initiated" criminal proceedings against him, a plaintiff must show that the defendants' "desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution."  See Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 507 (Tex. 2002) (quoting Browning-Ferris Industries, Inc. v. Lieck, 881 S.W.2d 288, 293 (Tex. 1994)). Plaintiff cannot meet that burden in this case because the uncontroverted evidence shows that it was Assistant City Manager John Garcia (and not the Defendants) who reported the possible election code violations to the Nueces County District Attorney. (See, e.g., PE B at 126-27, 129, 141-72; PE I.)  Moreover, even if Plaintiff had provided evidence that the Defendants acted through Mr. Garcia, his malicious prosecution claim would still fail because there is no evidence that Mr. Garcia filed a "complaint" or otherwise urged or pressured the district attorney to prosecute Plaintiff.  (PE B at 172; PE I.)  Further, Plaintiff has no evidence that Mr. Garcia acted with malicious intent in reporting possible law-violations to the district attorney.  See, e.g., Smith, 938 S.W.2d at 183 (stating that a plaintiff must have some

evidence of malice by "showing that the offending actions were taken with reckless disregard for the rights of others"). Therefore, Plaintiff's malicious prosecution claim fails and Defendants' Motion for Summary Judgment on that claim is GRANTED.

## V. CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment (D.E. 29) is GRANTED.

SIGNED and ENTERED this 26th day of July, 2006.

_____
Janis Graham Jack
United States District Judge